IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN F. GARDNER, and <br> TAMMY L. GARDNER, <br><br> Plaintiff, <br><br> vs, <br><br> FIRST CLOVER LEAF BANK <br> Successor in Interest to First Federal <br> Savings and Loan Association of <br> Edwardsville, and FIRST CLOVER LEAF <br> FINANCIAL CORP., <br> FIRST MID ILLINOIS BANCSHARES, <br> INC., as Successor to First Clover <br> Leaf Bank, FIRST MID-ILLINOIS <br> BANK & TRUST, N.A. as Successor to <br> First Clover Leaf Bank, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. <u>17-cv-35</u> <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

COMES NOW Plaintiffs, Steven F. Gardner and Tammy L. Gardner, by and through their attorneys, Becker, Hoerner, Thompson, & Ysursa, P.C., and for its Complaint against Defendants, First Cloverleaf Bank, First Clover Leaf Financial Corp., First Mid-Illinois Bancshares, Inc., and First Mid-Illinois Bank & Trust, N.A., and state as follows:

## INTRODUCTORY STATEMENT

Plaintiffs, Steven F. Gardner and Tammy L. Gardner, are consumers as defined under the Fair Credit Reporting Act. The Defendants are financial institution subject to the provisions of the Fair Credit Reporting Act. The Parties to this action had been involved in business transactions in the past, including a

mortgage on real estate located at 2020 Golf Course View Drive, Edwardsville, IL. After the 2008 Housing Market Collapse the relationship of the Parties deteriorated. In 2008 Defendant, First Clover Leaf Bank, filed a foreclosure action in relation to 2020 Golf Course View Drive. The end result of the foreclosure action was a judicial sale of which the proceeds satisfied the entire amount owed under the mortgage and First Clover Leaf Bank was made whole as of July 9, 2010. First Clover Leafe Bank continued to wrongfully furnish information to the loan as delinquent to the credit reporting agencies. Plaintiffs disputed the veracity of the information furnished by First Clover Leaf. The credit reporting agencies properly notified First Clover Leaf Bank of the dispute by Plaintiffs. First Clover Leaf Bank verified the erroneous information to the credit reporting agencies. The Bank did so in an intentional effort to harm Plaintiffs due to the fact that there were other litigation matters, unrelated to the specific loan at issue, between the Parties still pending. Plaintiffs file this lawsuit for violation of the Fair Credit Reporting Act and State law claims[1].

### THE PARTIES

1. Plaintiffs are individuals who currently reside in the State of Florida.

2. Defendant, First Clover Leaf Bank, is a bank authorized to do business in the State of Illinois, and is the successor in interest to First Federal

---

[1] Plaintiffs acknowledge that some precedent case law has held that the Fair Credit Reporting Act preempts any State law claims; however, Plaintiffs believe that the facts at bar are distinguishable and in the alternative brings this portion of the claim on the basis of "a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Pursuant to Fed. R. Civ. P. 11(b)(2).

Savings and Loan Association of Edwardsville, with its principal office in Edwardsville, Illinois.

3. Upon information and belief First Clover Leaf Financial Corp. is a Maryland corporation with its principal office in Edwardsville, Illinois.

4. Upon information and belief First Mid Illinois Bancshares, Inc. acquired First Clover Leaf Bank and First Clover Leaf Financial Corp., and is a Delaware corporation with a corporation office in Mattoon, Illinois.

5. Upon information and belief First Mid Illinois Bank & Trust, N.A. acquired First Clover Leaf Bank and First Clover Leaf Financial Corp., with a principal office in Mattoon, Illinois.

6. All Defendants are financial institutions that furnish information to one or more consumer reporting agencies.

7. Plaintiffs are consumers as defined by 15 U.S.C. §1681a(c).

## JURISDICTION

8. This Court has jurisdiction over Count I in this matter pursuant to 28 U.S.C. §1338.

9. This Court has supplemental jurisdiction over Count II in this matter pursuant to 28 U.S.C. 1367.

9. This Court has jurisdiction over the Defendants as being residents of the State of Illinois.

## FACTS COMMON TO ALL COUNTS

10. On November 21, 2003, Steve F. Gardner executed a promissory note in favor of First Federal Savings and Loan Association of Edwardsville.

11. On November 21, 2003, a mortgage was issued pledging the real estate located at 2020 Golf Course View Drive, Edwardsville, IL as security for the November 21, 2003 promissory note.

12. On December 9, 2008, First Clover Leaf Bank filed any action of foreclosure based upon a November 21, 2003 mortgage for real estate located at 2020 Golf Course View Drive, Edwardsville, Illinois in the Third Judicial Circuit, Madison County, Illinois Case No. 08-CH-1466

13. On June 23, 2010, the Circuit Court of Madison County entered an order that the November 21, 2003 mortgage was not a legal mortgage but did constitute an enforceable equitable mortgage.

14. On July 9, 2010, the Circuit Court of Madison County, Illinois entered an Order Confirming Sale of 2020 Golf Course View Drive, Edwardsville, Illinois that applied the foreclosure sale funds to satisfy the November 21, 2003 promissory note through the foreclosure sale funds. The foreclosure sale funds were sufficient to satisfy all principal and interest owed under the November 21, 2003 promissory note and secured by the November 21, 2003 mortgage.

15. On September 4, 2012, the Circuit Court of Madison County, Illinois entered a Final Order and Judgment in Case No. 08-CH-1466.

16. In that Final Order and Judgment the Court Defendants received all principal, interest, legal fees, and costs associated with the foreclosure action.

17. On October 4, 2012, an appeal was filed in relation to Case No. 08-CH-1466 but the appeal did not include an appeal of the portion of the Circuit Court's Order Confirming the Sale that satisfied the principal and interest owed under the November 21, 2003 promissory note.

18. After receiving payment of the outstanding principal and interest under the November 21, 2003 promissory note and mortgage, the Defendants did not modify, delete, block, or adjust the reporting of the account to one or more credit reporting agencies that Steven Gardner and Tammy Gardner were delinquent in making payments to satisfy the November 21, 2003 promissory note.

19. On April 20, 2015 and June 19, 2015 Plaintiffs disputed the information furnished to the credit agencies by Defendants.

20. Defendants were notified of the dispute by Plaintiffs of the information furnished by Defendants to the credit reporting agencies.

21. Defendants continued to report to credit reporting agencies that Steven Gardner and Tammy Gardner were delinquent in making payments to satisfy the November 21, 2003 promissory note, despite the satisfaction of the amounts owed via the September 4, 2012 Final Order and Judgment in Case No. 08-CH-1466.

22. The reporting of Plaintiffs being delinquent in making payments to satisfy the November 21, 2003 promissory note was false.

23. In 2016 Defendants issued a new report to the credit agencies indicating that Plaintiffs had an active foreclosure matter and owed Defendants based upon the November 21, 2003 promissory note and mortgage.

24. On September 9, 2016 Plaintiffs sent a dispute letter of the erroneous foreclosure reporting submitted by Defendants.

25. Defendants were notified of the dispute by Plaintiffs of the information furnished by Defendants to the credit reporting agencies.

26. Despite the notice of dispute, Defendants continued to report to credit reporting agencies that Steven Gardner and Tammy Gardner were delinquent in making payments to satisfy the November 21, 2003 promissory note and involved in a an active foreclosure.

27. The reporting of Plaintiffs to the credit agencies was false.

## COUNT I

28. Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1 through 27.

29. Pursuant to 15 U.S.C. §1681s-2 Defendants had a duty to report accurate information on Plaintiffs to credit reporting agencies, and had a duty to furnish correct and updated information on Plaintiffs to the credit reporting agencies.

30. That Defendants knew that the reporting of Plaintiffs being delinquent in making payments to satisfy the November 21, 2003 promissory note was false after July 2010.

31. That Defendants knew that the reporting of Plaintiffs had an active foreclosure was false after July 2010.

32. The actions of Defendants were done negligently or with reckless disregard for Plaintiffs rights, and in fact done with malice and intent to harm Plaintiffs.

33. The reporting of Plaintiffs being delinquent in making payments to satisfy the November 21, 2003 promissory note, the failure to investigate the dispute, and the failure to correct and update the information it furnished to the credit reporting agencies was in violation of 15 U.S.C. §1681s-2.

34. The reporting of Plaintiffs having an active foreclosure, the failure to investigate the dispute, and the failure to correct and update the information it furnished to the credit reporting agencies was in violation of 15 U.S.C. §1681s-2.

35. Defendants' conduct, actions and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

36. In the alternative, Defendants were negligent entitling Plaintiffs to recover damages under 15 U.S.C. §1681n.

37. Plaintiffs are entitled to recover actual damages, statutory damages, punitive damages, costs and attorneys' fees from Defendants in an amount to be determined by the court pursuant to 15 U.S.C. §§1681 and 1681.

WHEREFORE, Plaintiffs, Steven F. Gardner and Tammy L. Gardner, respectfully prays that this honorable court find in their favor and against

Defendants, First Cloverleaf Bank, First Clover Leaf Financial Corp., First Mid-Illinois Bancshares, Inc., and First Mid-Illinois Bank & Trust, N.A., and award Plaintiffs damages, punitive damages, attorneys' fees, and for such further relief that this honorable Court deems just and proper.

<u>Count II</u>

COMES NOW Plaintiffs, Steven F. Gardner and Tammy L. Gardner, by and through their attorneys, Becker, Hoerner, Thompson, & Ysursa, P.C., and for its Complaint against Defendants, First Cloverleaf Bank, First Clover Leaf Financial Corp., First Mid-Illinois Bancshares, Inc., and First Mid-Illinois Bank & Trust, N.A., and state as follows:

38. Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1 through 37.

39. Defendants intentionally maliciously instructed its employees to report publicly that Plaintiffs had a delinquent account and later had an active foreclosure.

40. Defendants' statements that Plaintiff had a delinquent account and had an active foreclosure were false.

41. Defendants knew that the statements were false.

42. Defendants published the statements without a privilege.

43. As a result of Defendants' publication, Plaintiffs' credit score was reduced, credit applications were denied, and credit opportunities were lost. Plaintiffs have also suffered substantial, actual damages including but not

limited to out-of-pocket expenses, loss of business transactions and opportunities, reduced market value in their home, fear of losing their home, frustration, upset, humiliation and embarrassment, emotional and mental pain, and suffering.

44.     Defendants' conduct was the proximate cause of Plaintiffs' injuries, rendering Defendants liable for compensatory damages.

WHEREFORE, Plaintiffs, Steven F. Gardner and Tammy L. Gardner, respectfully prays that this honorable court find in their favor and against Defendants, First Cloverleaf Bank, First Clover Leaf Financial Corp., First Mid-Illinois Bancshares, Inc., and First Mid-Illinois Bank & Trust, N.A., and award Plaintiffs damages, punitive damages, attorneys' fees, and for such further relief that this honorable Court deems just and proper.

## Count III

COMES NOW Plaintiffs, Steven F. Gardner and Tammy L. Gardner, by and through their attorneys, Becker, Hoerner, Thompson, & Ysursa, P.C., and for its Complaint against Defendants, First Cloverleaf Bank, First Clover Leaf Financial Corp., First Mid-Illinois Bancshares, Inc., and First Mid-Illinois Bank & Trust, N.A., and state as follows:

45.     Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1 through 44.

46.     Defendants intentionally maliciously conduct of reporting credit reporting agencies that Plaintiffs had a delinquent account constitutes a

dissemination of a thing of value in trade and commerce.

47. Plaintiffs are consumers as defined by 815 ILCS 505/1-(e).

48. 815 ILCS 505/1F provides that any person who is liable in civil for willfully and materially violating any consumer protection laws constitutes a violation of the Illinois Consumer Fraud Act.[2]

49. Defendants actions violate numerous federal and state consumer protection statutes including the Federal Fair Credit Reporting Act.

50. Defendants are in violation of the Illinois Consumer Fraud and Deceptive Practices Act.

51. As a result of Defendants' publication, Plaintiffs' credit score was reduced, credit applications were denied, and credit opportunities were lost. Plaintiffs have also suffered substantial, actual damages including but not limited to out-of-pocket expenses, loss of business transactions and opportunities, reduced market value in their home, fear of losing their home, frustration, upset, humiliation and embarrassment, emotional and mental pain, and suffering.

52. Plaintiffs are entitled to recover actual damages, statutory damages, punitive damages, costs and attorneys' fees from Defendants in an amount to be determined by the court.

---

[2] Plaintiffs acknowledge that 815 ILCS 505/1F applies to Illinois statutes but asserts a new theory to extend this section to Federal statutes involving the extension of credit, particularly when credit reporting is preempted by Federal law.

WHEREFORE, Plaintiffs, Steven F. Gardner and Tammy L. Gardner, respectfully prays that this honorable court find in their favor and against Defendants, First Cloverleaf Bank, First Clover Leaf Financial Corp., First Mid-Illinois Bancshares, Inc., and First Mid-Illinois Bank & Trust, N.A. and award Plaintiffs damages, punitive damages, attorneys' fees, and for such further relief that this honorable Court deems just and proper.

Respectfully submitted,
Becker, Hoerner, Thompson, & Hoerner, P.C.

By: ___s/Thomas R. Ysursa___
Thomas R. Ysursa #6257701
Attorney for Plaintiffs
Steven F, Gardner
Tammy Gardner
5111 West Main Street
Belleville, Illinois 62226
Telephone: 618-235-0020
Facsimile: 618-235-8558
Email: try@bhtylaw.com